IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02843-BNB

MICHAEL BROWNLEE,

    Plaintiff,

v.

ALLSTATE,
PAT LABUS (claims dept), and
SANDY DELLA RIPA (claims dept),

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Michael Brownlee, initiated this action by filing a **pro se** Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on November 1, 2011. Mr. Brownlee has been granted leave to proceed **in forma pauperis**.

    On November 14, 2011, Magistrate Judge Boyd N. Boland determined that the Complaint was deficient because Mr. Brownlee failed to set forth a short and plain statement of the grounds for the Court's jurisdiction and of his claims showing that he was entitled to relief. Therefore, Mr. Brownlee was directed to file an Amended Complaint. He was specifically directed to identify the statutory authority that would allow the Court to consider his claims. Mr. Brownlee filed an Amended Complaint on December 13, 2011.

    The Court must construe the Amended Complaint liberally because Mr. Brownlee is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Amended Complaint

reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110.  However, the Court should not be an advocate for a **pro se** litigant.  **See id.**   For the reasons set forth below, the Amended Complaint will be dismissed.

As background for his claims, Mr. Brownlee alleges the following:

> I am taking Allstate to court for the following reasons.  I received $250,000 due to a car accident "NOT RELATED" in 2009.  I bought a Dodge Charger from Colorado Springs Dodge in 2009.  Allstate claims department accepted a forged power of attorney from a Tammy McCollum.  When I filed my claim, they stated it was a civil matter and my claim was denied (see exhibit # 1) dated September 28, 2009.

Amended Complaint at 2.  Mr. Brownlee further alleges that Tammy McCollum stole his vehicle and was subsequently arrested in Florida for title fraud but that Defendant Allstate refused to reimburse him for the loss of his vehicle.  **Id.** at 4.  Although the Amended Complaint is unclear, Mr. Brownlee appears to assert claims for "breach of written contract," "statue [sic] of limitation" and "bad faith - medical bills (blood pressure problems, stress)".  **Id.** at 6.  As relief, Mr. Brownlee seeks damages.  Mr. Brownlee has again failed to identify any statutory authority that would allow the Court to consider his claims.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction.  The issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings.  **See**

*McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). There are two statutory bases for federal subject matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331. In the amended complaint, Mr. Brownlee does not allege that any of the defendants violated his federal constitutional or statutory rights. Instead, he appears to assert only state law claims for relief. The amended complaint thus does not implicate a federal question. *See* 28 U.S.C. § 1331. Mr. Brownlee must satisfy the diversity jurisdiction statute, 28 U.S.C. § 1332, to maintain his action in federal court.

A plaintiff properly invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* 28 U.S.C. § 1332(a); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). To demonstrate federal jurisdiction pursuant to § 1332, allegations of diversity must be pleaded affirmatively. *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir.1991) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction").

Mr. Brownlee has not alleged an adequate basis for exercising diversity jurisdiction over his state law claims.  Plaintiff alleges that he resides in Denver, Colorado.  Mr. Brownlee further alleges that Defendants, Sandy Della Ripa and Pat Labus, reside or work in Englewood, Colorado.  Plaintiff does not allege that these individuals reside outside of Colorado. The allegations of the amended complaint do not show complete diversity between the parties and are therefore insufficient to invoke this Court's diversity jurisdiction.  Therefore, this action will be dismissed without prejudice for lack of subject matter jurisdiction.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore ***in forma pauperis*** status will be denied for the purpose of appeal.  ***See Coppedge v. United States***, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed ***in forma pauperis*** in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Amended Complaint and this action are dismissed without prejudice for lack of subject matter jurisdiction.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  21st  day of   December   , 2011.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court